In re INTERSTATE PAVING CO.

(District Court, N. D. New York. July 9, 1909.)

BANKRUPTCY (§ 72*)—INVOLUNTARY PROCEEDINGS—CORPORATIONS.
    Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), as amended in 1903 (Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1025]), in making corporations "engaged principally in manufacturing," etc., subject to the act, refers to the time when the petition was filed and a reasonable time prior thereto, and that a corporation had previously been principally engaged in a different business is immaterial.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 72.*
    What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank of Mattoon, 42 C. C. A. 4.]

In Bankruptcy.

Motion to open and set aside adjudication and allow certain judgment creditors with an execution outstanding and levy made to interpose an answer and set up that the bankrupt is not subject to adjudication. Also, motion by other creditors to intervene and amend first petition filed by alleging acts of bankruptcy not set forth therein.

Graves & Miles, for first motion.
Fuller & Miller and Grant & Wager, opposed.
Martin & Jones, for second motion.
Graves & Miles, opposed.

RAY, District Judge. On the moving papers and on the affidavits received in opposition to the motion to vacate the adjudication, and the evidence of the president of the company taken in open court in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. &.Rep'r Indexes

such motion, I am satisfied that the Interstate Paving Company is subject to adjudication and was properly adjudicated, and that the motion should be denied. It is true, probably, that prior to January, 1907, or July, 1907, the corporation was engaged principally in making its own material for paving streets and taking contracts for and paving streets with a certain kind of paving material. After that date it completed some of its old contracts, but took no new ones, and embarked in the business, fully authorized by its articles of incorporation, of manufacturing and selling paving blocks and other material, including curbing. It purchased large amounts of different materials, sold some of them, and used most of same in manufacturing these blocks for sale. For the two years last past its principal business has been that of manufacturing and selling its products. To quite an extent it has been engaged in mercantile pursuits. I do not think the question is to be determined by what it did in 1904, 1905, and 1906, but by its business in 1907, as concededly in 1908, on account of its financial troubles, it did but very little business. What it did during that time has been manufacturing and selling its product. On a prior petition, still pending, this matter was fully gone into but not decided, as the special master found the single act of bankruptcy alleged had not been committed. Nothing has been done with that report.

The law says, "engaged principally in manufacturing," etc. (Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1025]), and I think refers to the time when the petition was filed and a reasonable time prior thereto, and not to some prior time in the history of the corporation. This corporation had the right to change its principal business, even if it had, prior to 1907, engaged principally in contracting and construction work. The evidence shows that it did make such change prior to July, 1907, that the corporation is insolvent and was when the petitions were filed is not denied, and it is not denied that it had committed acts of bankruptcy. In my judgment it would be a waste of time and money and an unjustifiable delay to open the adjudication. Justice does not demand that it be done. The first petition is still pending. It has not been dismissed, and it is desired to amend and set up other acts of bankruptcy committed prior to the filing of that petition. No one objects to this being done in case it is held that the corporation is subject to adjudication.

Having so held, the motion to intervene and amend should be granted. The motion to vacate the adjudication should be denied, and the injunction granted by the order to show cause vacated.

So ordered.